## IN THE MATTER OF THE ESTATE OF JOHN R. EMERY, DECEASED.

Essex County Court
Probate Division

Decided June 18, 1951.

*Messrs. Boyd, Dodd, Keer and Booth (Mr. John A. Booth,* appearing), for accountant, Montclair Trust Company.

*Messrs. Goodell and Allcorn (Mr. Philip Goodell,* appearing), for exceptant, Helen Emery Dyer Smith.

NAUGHRIGHT, J. C. C. Helen Emery Dyer Smith, daughter of decedent, John R. Emery, and a life beneficiary under a trust set up in his will, takes exception to the account of the Montclair Trust Company, trustee under said decedent's last will. Other exceptions were taken to the trustee's account but they have since been compromised.

During the period of the current accounting, the trustee has taken, and charged the income of the trust fund with, commissions on $18,973.39, representing gross rents collected in the management of three parcels of real estate owned by the decedent. The trustee calculated its commissions under *R. S.* 3:11–2.2 on the basis of gross rents collected, claiming credit against the gross receipts for taxes, fire insurance premiums, repairs, upkeep, etc.

It is the contention of the exceptant that the commissions of five per cent should be taken, within the meaning of the statute, on net rents or net income (which in this case would be on $8,106.62), that is, on the amount that will be made available to the life tenant, including what might be deducted by operation of law or the terms of the will. The exceptant claims that the trustee erred in computing his commissions on gross rent receipts; that gross rents do not represent the earnings on real estate; and that the trustee should be surcharged for the difference between the commis-

sions taken and what, she claims, should have been taken, namely, $543.34.

*R. S.* 3 :11–2.2, the authority pursuant to which the commissions on income were calculated, provides that commissions of a trustee, executor, etc., over and above their actual expenses shall be computed upon the following rates:

"On all income that comes into their hands, five per centum (5%), and such executors, administrators * * * and trustees under a will may take such income commissions as of the time or when the income was or is received by them without court allowance thereof."

Under the statute the allowance is on "income that comes into their hands," not on income the amount of which is reduced by taking from the amount "that comes into their hands" such sums as may have to be paid out for carrying charges and the like. The statute would seem to indicate that commissions are to be determined on the basis of gross income, inasmuch as the reference is to income collected and not income paid out to beneficiaries. Certainly, if the Legislature had intended commissions to be calculated on net rather than gross income it would not have employed the term "all income" but would have made more specific provision in regard to the basis of computing the commissions.

The fact, too, that this statute authorizes trustees, etc., to take their commissions without prior allowance thereof by the court negates the idea that the Legislature intended a trustee to take commissions on net income. It would be utterly inconsistent to hold that the Legislature intended that the trustee might take his commissions "on all income that comes into their hands * * * as of the time or when the income was or is received by them without court allowance thereof" if, as would be the case, the trustee could not know on what amount he might take commissions until his account of not only the income that comes into his hands, but all disbursements made therefrom by him, has been submitted to and approved by the court. The object of the Legislature was to

make available to the trustee, far in advance of the time when an accounting may be had, the commissions to which he is entitled.

The Legislature would hardly have permitted the trustee to take his income commissions prior to any allowance by the court if it had intended commissions to be figured on a net income arrangement.

There appears to be no case in New Jersey passing directly upon the issue at bar so that the problem is one of novel impression. It would seem, however, that the very dearth of authority on the subject could be considered as strong evidence of a legislative intent that commissions should be computed on a gross income basis. It is submitted that the generally accepted practice, heretofore, has been in that direction.

The exceptant cites the case of *Montclair Trust Company v. Reynolds,* 141 *N. J. Eq.* 276 (*Ch.* 1948) as indicating that a trustee's commissions on rents received are to be calculated on net receipts. However, that case is not comparable to the present case since a lease was involved in the above case providing for the payment of net rents to the trustee.

Also cited by the exceptant is the case of *In re Will of Hugh Mullen,* 35 *N. J. L. J.* 43 (*Cty. Ct.* 1912) wherein it was held that executors who carry on a business of the testator are entitled to commissions on the net profits of the business and not on the gross income. The reason for this is obvious, inasmuch as the expenditures of the business would be borne by the business itself and not by the estate. The estate receives only the net income from the business because it does not pay for and is not chargeable with, the cost of operation and maintenance of the business. The court specifically pointed out that the fact that the statute governing the computation of commissions had to be construed in connection with the subject matter dealt with and was applicable only to such sums that come into the hands of the executor, etc., as are derived from the decedent's estate. Thus, because of the peculiar nature of the subject matter dealt with in

the *Mullen* case (the operation of a business) commissions were computed on the basis of net income.

In *In re Linn*, 124 *N. J. Eq.* 65, at *page* 69 (*E. & A.* 1938), a case that arose at a time when the amount of income commissions to be allowed rested within the court's discretion, the court held that an executor was entitled to commissions of two per cent on apartment house rents collected, notwithstanding commissions of seven and one-quarter per cent paid to a real estate broker for services in the management of apartment houses and the collection of rents. This allowance could not have been made if the court felt that the statute contemplated that commissions were to be taken on net income.

The case of *Latorraca v. Latorraca*, 132 *N. J. Eq.* 40 (*Ch.* 1942), affirmed 133 *N. J. Eq.* 298 (*E. & A.* 1943) is of prime importance since it has a direct bearing on the issue at hand, although no opinion is expressed on it.

The court at *page* 48 said:

"When the decree is presented to me, I will hear counsel as to the amount of compensation for services in the grocery business. In calculating his commissions as executor and trustee on income under *R. S.* 3:11–2, Mr. Latorraca should include, besides gross income from other sources, only the net income from the business."

Thus the court expressed an intention of allowing commissions on the basis of gross income and not net income. The phrase "besides gross income from other sources" clearly imports such a construction. See also *Blauvelt v. The Citizens Trust Co.*, 3 *N. J.* 545 at page 560 (1950) which also appears to authorize the taking of commissions on gross income; *In re Garris*, 24 *N. J. Misc.* 65 (*Orphans Ct.* 1946).

The exception is hereby disallowed.